**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-1712
_____

IN RE:  C. TATE GEORGE,

                                             Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to D.N.J. Civ. No. 3-17-cv-02641)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
April 18, 2019
Before:  AMBRO, KRAUSE and PORTER, Circuit Judges

(Opinion filed May 6, 2019)
_____

OPINION*
_____

PER CURIAM

    C. Tate George has filed a petition for a writ of mandamus requesting that we

direct the District Court to rule on a motion to vacate sentence that he filed pursuant to 28

U.S.C. § 2255.  For the reasons that follow, we will deny the petition.

    In April 2017, George filed a § 2255 motion in the District Court.  Since then, he

has filed many motions in the District Court, including several motions to amend his

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

§ 2255 motion.  The District Court has resolved most of those motions in various opinions and orders.  In August 2018, the Government filed a response to George's operative § 2255 motion.  Recently, on April 8, 2019, a habeas petition that George filed under 28 U.S.C. § 2241 was transferred to the District Court and construed as a motion to amend George's § 2255 motion; that motion has been calendared for May 6, 2019.  On April 10, 2019, the District Court ruled on an outstanding evidentiary motion.  In his mandamus petition, George asks us to direct the District Court to rule on his § 2255 motion, arguing that it has been pending for two years.

A writ of mandamus is a drastic remedy available only in extraordinary cases.  See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005).  To obtain mandamus relief, a petitioner must show that "(1) no other adequate means exist to attain the relief he desires, (2) the party's right to issuance of the writ is clear and indisputable, and (3) the writ is appropriate under the circumstances."  Hollingsworth v. Perry, 558 U.S. 183, 190 (2010) (per curiam) (internal quotation marks and citation omitted).

Generally, a court's management of its docket is discretionary, In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982), and there is no "clear and indisputable" right to have the District Court handle a case in a certain manner, see Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 36 (1980).  Although we may issue a writ of mandamus when a district court's "undue delay is tantamount to a failure to exercise jurisdiction," Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996), that situation is not present here.

2

George is correct that his original § 2255 motion was filed two years ago, but he does not take into account the delay caused by his numerous amendments and other motions in this case. At present, his § 2255 motion is not even ripe for review, as the District Court must first rule on George's latest motion to amend his § 2255 motion, currently calendared for May 6, 2019. Thus, we cannot say that there has been any undue delay by the District Court, let alone a delay that is tantamount to a failure to exercise jurisdiction or that "rise[s] to the level of a denial of due process." Id. We are fully confident that the District Court will rule on the motion to amend and the § 2255 motion without undue delay, as it has with many other motions in this case. Accordingly, at this time, the extraordinary remedy of mandamus is not warranted, and we will deny George's mandamus petition.